# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL DUANE MARLIN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL ACTION NO. 06-0793-WS** |
| **v.** ) | |
| ) | **CRIMINAL ACTION NO. 03-0058-WS** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

The petitioner has filed a motion for appointment of counsel, to assist him with respect to his pending motion to vacate. (Doc. 106).

Appointment of counsel under Rule 8(c) of the Rules Governing Section 2255 Proceedings is required if the petitioner is eligible under 18 U.S.C. § 3006A and if the court determines that an evidentiary hearing is necessary. *Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001). Otherwise, appointment occurs only if the court "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), which is rare. Indeed, "federal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial evaluation and the court has determined that the issues presented call for an evidentiary hearing." *Shepherd v. United States*, 253 F.3d at 587 (summarizing *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969)). Because the Court has not determined whether an evidentiary hearing is required, and because the petitioner has not shown that the interests of justice otherwise support the unusual step of appointing counsel, his motion for appointment of counsel is **denied**.

DONE and ORDERED this 20th day of March, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE